Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 3228 | DATE | 3/28/2002 |
| CASE TITLE | Williams, et al. vs. Brown, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant, Brown's motion to disqualify Craig B. Futterman as plaintiffs' counsel (28-1) is denied for the reasons set forth on the reverse side of this minute order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | MAR 29 2002 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | date mailed notice |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office — mailing deputy initials |

Document Number: 52

Chicago Police Lieutenant Ernest Brown was a named plaintiff in a 1995 class action complaint against the City of Chicago, Illinois. Then a sergeant, he sued the City under Title VII for disparate impact race discrimination based on the 1994 Chicago Police Lieutenant examination. He was represented at trial in that case by Craig Futterman, who is counsel of record for the plaintiffs in this putative class action against Lt. Brown, other Chicago Police officers, and the City of Chicago. The plaintiffs here sue under 42 U.S.C. § 1983, alleging that the defendants violated their Fourth Amendment rights in the course of a raid on a crowded gymnasium on the south side of Chicago during a basketball tournament. Lt. Brown moves to disqualify Mr. Futterman under the Illinois Rules of Professional Conduct, Rule 1.9(a).

Under Rule 1.9(a):
A lawyer who has formerly represented a client in a matter shall not thereafter: (1) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after disclosure ....

The Local Rules in this district have an identical provision. See Local General Rule 83.51.9(a). An action is "substantially related" "if the lawyer could have obtained confidential information in the first representation that would have been relevant in the second." *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983); see also *Chemical Waste Mgmt., Inc., v. Sims*, 875 F. Supp. 501, 504 (N.D. Ill. 1995) (Bucklo, J.). The parties dispute the proper standard for determining whether Mr. Futterman had or could have obtained confidential information from Lt. Brown in the first action, but I need not resolve the question because I dispose of this motion on the basis of relevance.

Lt. Brown argues that the plaintiffs in this case have sought discovery related to certain Chicago Police Department general orders that were challenged in the Title VII case, and that Lt. Brown might have expressed opinions to Mr. Futterman about the importance of those orders to the job of a lieutenant. I assume, for the purposes of this motion, that he did so. To begin with, the orders themselves are public record, so they are in no way confidential client communications. See *Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 778 (7th Cir. 1991). Moreover, Lt. Brown's opinions about the orders are not relevant to the constitutional claims here. Relevance is "gauged by the violations alleged in the complaint and assessment of the evidence useful in establishing those allegations," and it is "measured against the potential avenues of proof and not against the expected." *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 226 (7th Cir. 1978). That is, any conceivably relevant evidence is relevant, not simply relevant evidence that is likely, as a matter of strategy, to be introduced. The plaintiffs in the Title VII action challenged the propriety of written questions on the lieutenants' examination relating to general orders and procedures governing search warrants and the use of information from confidential informants, subject matters which are at issue in this case, and they argued that the exam had a disparate impact on minorities. The issue was whether the questions were valid; that is, whether the test "'measure[d] traits that are significantly related to the applicant's ability to perform the job.'" *Brown v. City of Chicago*, 8 F. Supp. 2d 1095, 1097 (N.D. Ill. 1998) (Gettleman, J.) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971)). Thus, Lt. Brown argues, he may have revealed his confidential opinions about what he thought was necessary to effectively perform the job of lieutenant.

Here the complaint alleges violations of the plaintiffs' Fourth Amendment rights, and "[t]he Fourth Amendment test is an objective one, where the officer's subjective good or bad intentions do not enter into the analysis." *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2000). Lt. Brown's beliefs about what the general orders mean or how important they are has no bearing on an objective inquiry, and they would be inadmissible because they are irrelevant, even if the plaintiffs tried to introduce them. To the extent that there are subjective elements to the plaintiffs' claims (e.g., that Lt. Brown acted intentionally and conspired to violate their civil rights), any relevant subjective information runs to the incident in this case, not to Lt. Brown's general beliefs from five years ago about what a lieutenant needs to know to perform the job. Furthermore, Lt. Brown's subjective beliefs have no bearing on the existence of constitutional violation, intentional or otherwise, because departmental orders do not set constitutional standards. Lt. Brown has not identified any confidential communications that might conceivably be relevant here, so I deny the motion.