# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3228 | **DATE** | 2/18/2003 |
| **CASE TITLE** | Williams, et al. vs. Brown, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on ____ set for ____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for _____ at ____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at ____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendants' motion to exclude testimony of Dr. Carl C. Bell and Dr. Johnny Lee Williamson, IV, is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | | **Document Number** |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | FEB 19 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | 2/18/2003 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| MPJ | courtroom deputy's initials | | MPJ | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANDRE WILLIAMS, et al.       )

)         FEB 1 9 2003

      Plaintiffs,     )

)

     v.              )

)    No.  01 C 3228

LIEUTENANT ERNEST BROWN, et al.  )

)

     Defendants.    )

## MEMORANDUM OPINION AND ORDER

Defendants' motion to exclude testimony is DENIED.

### I.

This case arose from the alleged detention and search of numerous residents of the Stateway Gardens neighborhood during a basketball tournament on February 22, 2001. The named plaintiffs, spectators at the event, claim that they were injured when police forced them to submit to these unlawful searches, and filed this class action seeking damages and other relief.

The present motion concerns the reports and testimony of two expert witnesses offered by the plaintiffs, Dr. Carl C. Bell and Dr. Johnny Lee Williamson, IV. Defendants, the City of Chicago ("City") and its police employees, move that these experts be excluded from participation in the case because they are unqualified to comment on the case, the methodology they used to reach their conclusions is unreliable, their conclusions as to the representativeness of the named plaintiffs is speculative, and

their input would be unhelpful to the jury. I deny the motion.

## II.

The primary case addressing the standards for admission of expert testimony is *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *Daubert* emphasized that the role of a district court is to act as a "gatekeeper," ensuring that any expert testimony that reaches the jury is not only relevant, but reliable. *Id.* at 597. This standard is codified in Rule 702, which states that a court should admit expert testimony only where "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. I will address each of the defendants' arguments in turn.

Defendants first attack the qualifications of the two doctors on the grounds that neither is a forensic psychiatrist. Defendants point to *O'Conner v. Commonwealth Edison Co.*, 807 F. Supp. 1376 (N.D. Ill. 1992) (Mihm, J.), which holds that a generally qualified expert may not necessarily be qualified to testify as to a highly specialized subfield. But *O'Conner* involved an ophthalmologist commenting on radiation-induced cataracts, an obscure area of study outside the realm of ordinary ophthalmological practice. Forensic psychiatry, the application of psychiatry in a legal setting, is not such a specialized field. Defendants are unable to point to a

single case suggesting that psychiatrists must have forensic training in order to qualify as expert witnesses. District courts routinely accept expert testimony from psychiatrists who are not forensic psychiatrists, much less board-certified ones. *See, e.g., Janopoulos v. Walner*, No. 93-5176, 1994 U.S. Dist. LEXIS 4041, at *5 (N.D. Ill. Mar. 31, 1994) (Conlon, J.) (holding that although the defendant was permitted to inform the jury that the plaintiff's expert was not board-certified, plaintiff "may show that [the expert] nevertheless is a qualified psychiatrist.").

The defendants argue next that neither expert should be permitted to testify as to the condition of juvenile plaintiffs because neither is a child psychiatrist nor board-certified in that field. This may affect the weight the jury chooses to give their testimony, but not its admissibility. The defendants' own expert, Dr. Stephen Robinson, acknowledged that the treatment and diagnosis of children by psychiatrists who are not board-certified specialists in child psychiatry "happens all the time." (Robinson Dep. at 223.) If Drs. Bell and Williamson are qualified to diagnose and treat children, I see no reason why they would be unqualified to testify about their diagnostic conclusions in court.

Defendants next attack the methodology by which Drs. Bell and Williamson studied the named plaintiffs. Dr. Bell did not interview the plaintiffs himself. Instead, Dr. Williamson met with the plaintiffs to collect data, and then collaborated with his

superior, Dr. Bell, in order to interpret that data. Such a team approach has been explicitly condoned by the Seventh Circuit, which held that testimony from a team leader who did not personally examine the plaintiff was admissible. *Walker v. Soo Line Railroad Co.*, 208 F.3d 581 (7th Cir. 2000). The court explained, "we think it is proper for a physician working in [a leadership role] on the diagnostic and evaluation team to rely on the work of her team members in forming her opinion." *Id.* at 588. Psychiatrists as well as other medical specialists may base their opinions on their colleagues' conclusions without interviewing litigants themselves. *United States v. Lawson*, 653 F.2d 299, 302 (7th Cir. 1981). Other courts have consistently reached the same conclusion. *See, e.g., Birdsell v. United States*, 346 F.2d 775, 779-80 (5th Cir. 1965).

Defendants also point out that the data here consist largely of plaintiffs' self-reports as to their feelings and reactions during and following the incident. It is difficult to imagine how a psychiatric diagnosis could take place if a psychiatrist were not permitted to rely on a patient's self-reports, as the patient's experience is the focus of study. At any rate, the Seventh Circuit has stated that a medical expert witness may base his opinion on a plaintiff's self-report. *See Cooper v. Nelson & Co.*, 211 F.3d 1008, 1019 (7th Cir. 2000) (holding that a district court should have allowed medical testimony as to the likely cause of the plaintiff's injury, even though the experts relied on the plaintiff's

assertions about his medical history and about his chronic back pain following the incident in forming their opinions).

Defendants argue next that Drs. Bell and Williamson impermissibly rely on pure speculation and conjecture when they state that the named plaintiffs are representative of the plaintiff class. But according to his *curriculum vitae*, Dr. Bell is president of a large, comprehensive community mental health center serving residents of Stateway Gardens and the surrounding South Side neighborhoods. He has published extensively over the last thirty years on topics concerning the psychiatric health of inner-city African-Americans. Further, he is Director of Public and Community Psychiatry at the University of Illinois School of Medicine. Thus, his opinion that the named plaintiffs are typical members of the South Side African-American community where he practices is more than simple speculation. While it is true that each member of the class is a unique individual who may or may not have responded to the February 22 incident in the same way as the named plaintiffs, this is true in every class action. Dr. Bell and his colleague, like any qualified experts, may answer hypothetical questions about what sequelae are likely to follow from a given event. *Estate of Carey v. Hy-Temp Mfg. Inc.*, 929 F.2d 1229, 1235 (7th Cir. 1991). If, as the defendants claim, the named plaintiffs are not fairly representative of the class, that question must be addressed via the pending motion to decertify the class, not by the exclusion of

expert testimony.

Finally, defendants urge me to find that the testimony of Drs. Bell and Williamson should be excluded because it would not help the jury understand the evidence or determine any fact in issue – in other words, that it is irrelevant. This argument has no merit. Whether the plaintiffs suffered psychological injury following the police action is a central question of fact in the case. Drs. Bell and Williamson plan to testify that, in their professional opinion, the plaintiffs were injured by the defendants' conduct. Since such testimony tends to make a fact of consequence in the case more or less probable, it is relevant evidence. FED. R. EVID. 401.

Defendants' motion to exclude testimony of Dr. Carl C. Bell and Dr. Johnny Lee Williamson, IV, is DENIED.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated:      February *18*, 2003