Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3228 | **DATE** | 4/15/2003 |
| **CASE TITLE** | Williams, et al. vs. Brown, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendants' motion to decertify class(125-1). Defendants' motion for leave to file supplemental authority on motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 16 2003 | 184 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/15/2003 | |
| MPJ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANDRE WILLIAMS, et al. )
)
        Plaintiffs, )
)
v. ) No. 01 C 3228
)
LIEUTENANT ERNEST BROWN, et al. )
)
        Defendants. )

APR 16 2003

## MEMORANDUM OPINION AND ORDER

This case arose from the alleged detention and search of numerous residents of the Stateway Gardens neighborhood during a basketball tournament on February 22, 2001. The named plaintiffs, spectators at the event, claim that they were injured when police forced them to submit to these unlawful searches, and filed this class action seeking damages and other relief. The class was certified by agreement of the parties over a year ago. The defendants now move to decertify the class. The motion is DENIED.

The party seeking to maintain class certification bears the burden of showing that certification is appropriate. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). Rule 23 states that certification is appropriate when:

> "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

FED. R. CIV. P. 23(a). In addition, the case must meet the requirements of one of the three options described in Rule 23(b). The relevant option here is clearly Rule 23(b)(3), which states that a class action may be maintained if "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods."

The defendants attack certification on the grounds that the requirements of Rule 23(b)(3) have not been met because individual questions of injury and causation dominate the claim. The Seventh Circuit has not specifically addressed the issue of whether class certification is appropriate in mass-detention cases, although such cases have appeared before the Circuit without attracting criticism or comment. *See, e.g., McGann v. N.E. Ill. Reg'l Commuter R.R. Corp.*, 8 F.3d 1174, 1176 (7th Cir. 1993) (involving a class of state employees who were allegedly detained and searched by police officers when they attempted to leave the employees' parking lot after work). However, courts have repeatedly certified classes in mass police-detention cases with similar facts. The first such case cited by the plaintiffs, *Patrykus v. Gomilla*, 121 F.R.D. 357 (N.D. Ill. 1988) (Conlon, J.), concerned an alleged police raid on a Chicago gay bar. According to the plaintiffs, police officers entered the bar and compelled approximately 50 class members to lie on the floor and submit to searches. *Id.* at 360. The plaintiffs

sued seeking compensatory and punitive damages as well as injunctive and declaratory relief. *Id.* The court dismissed the defendants' "attempt to derive significance from potential variations ... in the extent of injuries to the plaintiffs," holding that the requirements of 23(b)(3) were met because "common questions of fact concerning the defendants' alleged behavior and of law concerning the constitutionality of defendants' behavior clearly predominate." *Id* at 363.

Similarly, *Johns v. DeLeonardis*, 145 F.R.D. 480 (N.D. Ill. 1992) (Plunkett, J.), involved an alleged police raid on a Gypsy community center in Chicago. The plaintiffs complained that the defendant police officers detained the attendees at a community meeting and searched them, and filed suit "primarily seeking money damages." *Id.* at 481, 484. Citing *Patrykus*, Judge Plunkett found the requirements of 23(b)(3) had been met because there was "an essential common factual link between all class members and the defendant for which the law provides a remedy." *Id.* at 485. Further, the fact that each plaintiff might have suffered a different injury did not make class certification inappropriate. "Though the members of the [class] may have differing damages due to the varying injury done to them during the ... search, the extent of damages is not an issue at this stage of the proceeding." *Id.*

Most recently, in *Levett v. Chicago Bd. of Educ.*, No. 99 C 7536, 2001 U.S. Dist. LEXIS 315 (N.D. Ill. Jan. 16, 2001), Judge Holderman certified a class of plaintiffs who were allegedly stopped and searched without cause when attempting to enter Lincoln Park High School. The requirements of Rule 23(b)(3) were met because the plaintiffs "established that the potential class is seeking a remedy for a common legal grievance and those alleged grievances all center around that same occurrence of events." *Id.* at *11.

To counter this line of cases, the defendants cite a variety of cases where certification was denied to classes of prison inmates subjected to an ongoing series of strip searches during a period of several years, *Klein v. DuPage County*, 119 F.R.D. 29 (N.D. Ill. 1988), debtors under the protection of the bankruptcy court, *Aiello v. Providian Fin. Corp.*, 239 F.3d 876 (7th Cir. 2001), etc. I find that the facts at hand are far more similar to those of *Patrykus, Johns*, and *Levett* than to those of the cases the defendants urge me to follow, and I adopt the reasoning of those three cases.

The defendants further argue that *Patrykus, Johns*, and *Levett* are distinguishable because the court in those cases evaluated the suitability of the certification before discovery, whereas discovery has already proceeded in this case. This distinction does not render this line of cases any less applicable to this case. The

4

requirements of Rule 23 remain the same at every stage of litigation. The defendants are unable to point to a single case in this circuit where a district court denied certification to a class of plaintiffs in a mass search case at any point in the suit.

Next, the defendants contend that four of the named plaintiffs, Anthony Jackson, Kareem, and Jareem Jackson, and Andre Williams, should be precluded from serving as class representatives under Rule 23(a)(3) because their claims are unique or subject to unique defenses. They point out that Anthony Jackson, alone among the named plaintiffs, was arrested at the field house, that Mr. Jackson's sons, Kareem and Jareem, watched their father being arrested, and that Andre Williams has witnessed several incidents of extreme violence during his life. The test for typicality under 23(a)(3) is whether the named plaintiff's claim "arises from the same event ... that gives rise to the claims of other class members and his or her claims are based on the same legal theory ... [S]imilarity of legal theory may control even in the face of differences of fact." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (internal quotation omitted). The four disputed plaintiffs clearly meet this standard. They present the same argument as the other members of the class: that they were detained and searched without probable cause by Chicago police officers in violation of their constitutional rights at the Stateway Gardens Field House on the evening of February 22, 2001.

Despite the defendants' argument to the contrary, none of these four is subject to a unique defense that would destroy typicality. Mr. Jackson's arrest took place some minutes after he was allegedly detained and searched, and thus it offers no defense to the defendants.

Finally, throughout their thirty-page motion, defendants argue at length that the class ought to be decertified because the named plaintiffs cannot prove actual injury. Whether the evidence adequately supports the plaintiffs' claims is a question properly addressed in the defendants' pending motion for summary judgment, not in the motion for decertification. The only question before me is whether the plaintiffs have met the requirements of Rule 23. They have. Therefore, the motion for class decertification is DENIED.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 15, 2003