## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANDRE WILLIAMS, et al.      )
             )
Plaintiffs,          )  Case No. 01 C 3228
             )
      v.       )
             )  Judge Elaine E. Bucklo
LIEUTENANT ERNEST BROWN , et al.  )
             )  Magistrate Judge Schenkier
Defendants.        )
             )

## NOTICE OF MOTION AND CERTIFICATE OF SERVICE

To:  June Ghezzi
    Jason Winchester
    Joseph Shereda
    Jones Day
    77 West Wacker Drive
    Chicago, IL 60601

**FILED**

APR 1 6 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

              8:30
  PLEASE TAKE NOTICE that on April 22, 2004, at 9:00 a.m., or as soon thereafter as counsel can be heard, the undersigned will appear before the Honorable Sidney I. Schenkier, in Courtroom 1700 of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois, or any other judge sitting in his stead, and then and there present the PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT, copies of which are attached. I certify that on this date I have caused the same to be served by hand delivery upon the court.

Respectfully submitted,

_____
One of Plaintiffs' Attorneys

Craig B. Futterman          THOMAS PETERS
EDWIN F. MANDEL LEGAL AID CLINIC   542 S. Dearborn, Suite 750
University of Chicago Law School     Chicago, IL 60605
Chicago, IL 60637         (312) 697-0022
(773) 702-9611

Date: April 16, 2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ANDRE WILLIAMS, et al.                      )
                                            )
          Plaintiffs,         )    Case No. 01 C 3228
                                            )
          v.                  )    Magistrate Judge Sidney I. Schenkier
                                            )
LIEUTENANT ERNEST BROWN, et al.             )
                                            )
          Defendants.         )

## PLAINTIFFS' MOTION FOR FINAL
## APPROVAL OF PROPOSED SETTLEMENT

Plaintiffs, individually and on behalf of all others similarly situated, pursuant to Federal

Rule of Civil Procedure 23(e), respectfully move this Court to order final approval of the class

settlement ("Final Approval Order and Judgment"), attached hereto as Exhibit A, as detailed in

the Settlement Agreement ("Settlement"), attached hereto as Exhibit B, for the reasons provided

in the attached memorandum.

Respectfully submitted,

_____
One of Plaintiffs' Attorneys

**F I L E D**

APR 1 6 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Craig B. Futterman
Shana Wallace, Senior Law Student
Andrew Fleming, Senior Law Student
EDWIN F. MANDEL LEGAL AID CLINIC
University of Chicago law School
6020 S. University
Chicago, IL 60637
(773) 702-9611

Thomas Peters
542 S. Dearborn, Suite 750
Chicago, IL 60605
(312) 697-0022

Date: April 16, 2004

265

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANDRE WILLIAMS, et al. )
        )
            Plaintiffs, )     Case No. 01 C 3228
        )
      v. )     Magistrate Judge Sidney I. Schenkier
        )
LIEUTENANT ERNEST BROWN, et al. )
        )
            Defendants. )

**FILED**

APR 1 6 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT

Plaintiffs and Defendants reached a mutually agreeable settlement after nearly three years of hard-fought litigation. The litigation included contested class certification proceedings, extensive written and oral discovery, consultation by both parties with expert witnesses and *Daubert* litigation regarding the same, a summary judgment motion, several motions in limine, and arms-length settlement negotiations supervised by this court. Through these settlement negotiations, the parties ultimately reached a fair, reasonable, and adequate settlement which was preliminarily approved by this Court on February 6, 2004. After notice of the settlement was provided in accordance with the Court's Preliminary Approval Order, nearly a hundred class members submitted valid claims. The proposed Settlement has been met with widespread approval by Class Members and the community in which the challenged conduct occurred. Not a single Class Member has filed an objection or provided Class Counsel with notice of his or her intent to opt out. Accordingly, Plaintiffs respectfully request that this Court order final approval of the Settlement.

1



## I.    TERMS OF SETTLEMENT

According to the Settlement, in exchange for a full release of all claims related to this litigation, the City has agreed to award Plaintiffs $99,000.00. This award will be distributed as follows: $14,000 shall be divided in equal shares of $2,000.00 per person to the seven Named Plaintiffs, while the remaining $85,000.00 shall be divided in equal shares among the remaining Class Members who have filed valid and timely Proofs of Claim. The deadline for the submission of claims from Class Members who did not make themselves known to Class Counsel prior to the announcement of the proposed Settlement ("Unidentified Class Members") was April 7, 2004. The deadline for Identified Class Members to submit claims is April 23, 2003. To date, ninety-eight Class Members have filed valid and timely claims. If this number remains unchanged, each Class Member will receive approximately $867.34 from the Settlement.[1]

Pursuant to Class Counsels' petition, the Court has preliminarily approved an award of $400,000.00 as reasonable attorneys' fees and costs. Defendants do not contest Plaintiffs' fee petition. If the requested award is approved, the Mandel Legal Aid Clinic shall provide $85,000 of the award to the Stateway Civil Rights Project of the Invisible Institute to support:

    (a) Efforts to revive organized basketball tournaments and other community programs at the Stateway Gardens Field House;

    (b) Human rights monitoring and reporting of police activities and conditions that affect public safety in the greater Stateway community; and

    (c) Efforts to improve the relationship between low-income residents and members of the Chicago Police Department.

---

[1] Based on the responses from their outreach, Class Counsel expects to receive no more than five additional claims by the final deadline. If five additional claims are validated, the individual Class Member payment would be $825.24.

Since February 6, 2004, when this Court granted preliminary approval of the Settlement, Class Counsel, as Claims Administrator, have been responsible for the administration of the Settlement, Notice, Proof of Claims and the operation of the Claims Process. Upon final approval, Class Counsel will be responsible for the disbursement of funds to Authorized Claimants.

## II.  NOTICE

Class Counsel have provided notice of this settlement through the best means practicable. Pursuant to this Court's Preliminary Approval Order of February 6, 2004, Class Counsel published the Notice and Summary Notice approved by the Court through the following means:

- Mailing the Notice and Short Proof of Claim to each Identified Class Member at his or her last known address. Out of ninety-one previously identified Class Members, seventy-eight have submitted Proof of Claim forms. This high rate of return is in large part due to extensive efforts by Class Counsel to locate Plaintiff Class Members through internet research, telephone calls and personal outreach in the affected community. The deadline for the filing of claims is April 23, 2004.

- Mailing the Notice and Long Proof of Claim to all Unidentified Class Members for whom Class Counsel had contact information.

- Publishing the Summary Notice in the following periodicals:
    - The February 14 and 21, 2004 weekend editions of the "Chicago Daily Defender";
    - The March 10, 2004 edition of the "Resident's Journal", a monthly newsletter published for all Chicago Housing Authority residents.

- Posting the Summary Notice in the following locations:

3

- o Various locations in and around Stateway Gardens complex, including: the lobby, the administrative offices, in front of the mailboxes, near the elevators, each individual apartment within the sole inhabited building in the complex (3651-53 South Federal), and the Stateway Gardens Field House;

- o The Chicago Public Library's Bee Branch (3647 S. State); and

- o Public areas in and around Robert Taylor and Ida B. Wells housing complexes.

Additional public notice of this proposed settlement was achieved through the broad media coverage of this case, since radio and television programs, and many Chicago newspapers (including the Sun Times, Tribune and Defender) reported this settlement. The Court should reaffirm its preliminary finding and hold that the best practicable notice was given to Class Members.

## III. FAIRNESS FACTORS

This settlement is fair, reasonable, and adequate and in the best interests of the class.

### A. *Strength of Plaintiffs' Case Measured Against the Terms of the Settlement*

Plaintiffs achieved an outstanding settlement on behalf of the Class. Plaintiffs' claims of search and seizure, conspiracy, and false arrest and detention are issues which would have to be resolved at trial. This Court recognized that these claims survived "heavily-briefed and contested summary judgment motions" and therefore "certainly are colorable" and have "settlement value." (Ex. C, Transcript of Proceedings, Feb. 6, 2004, pp. 9-10.) The Court also recognized that the Settlement amount was "significant" and "commensurate" with settlements in comparable cases. (*Id.* at 12.) Moreover, the Settlement eliminates a substantial risk that each Class Member would walk away empty-handed after the conclusion of contemplated contested proceedings. Accordingly, the Court found that the strength of Plaintiffs' case was appropriately

4

reflected in the value of the Settlement achieved. Class Members' and the Stateway community's satisfaction with the Settlement further confirms the Court's preliminary finding regarding the adequacy and fairness of the Settlement.

### B. *Complexity, Length, and Expense of Continued Litigation*

This case would have entailed a long and complicated trial. The trial would have faced such obstacles as: the accommodation and resolution of sharply conflicting testimony of over forty defendants and up to 300 plaintiff class members and fact witnesses, the resolution of conflicting expert witness testimony as to the emotional harm suffered by the plaintiffs, potential bifurcation or trifurcation of damage issues, and the determination of the appropriate procedural mechanisms to ascertain class eligibility. At the time of the Settlement, there were nine pending pretrial motions, and numerous unresolved issues regarding voir dire, jury instructions, the admissibility of various witness testimony and other evidence, and the procedures for adjudicating this matter. If Plaintiffs prevailed after an estimated four-week jury trial on class liability, the damage and class eligibility proceedings, post-trial motions, and probable appeals could easily have delayed the resolution of this case and pay-outs to Class Members until the year 2006 or beyond. Moreover, these contested proceedings might not produce a better recovery than Class Members achieved in this Settlement. As this Court further recognized, the contemplated, additional litigation would likely consume anywhere from the high hundreds of thousands of dollars to more than a million dollars in Plaintiffs' attorneys' time and associated costs. (Ex. C, p. 14.)

Plaintiffs are also fighting a war of attrition. Seven of the eight buildings in which many Class Members lived have been demolished and the residents have dispersed. Contact information is continuously changing and difficult to track. It is only through sustained efforts

5

by Plaintiffs and a team of University of Chicago students that Plaintiffs have been successful in maintaining contact with such a high percentage of Identified Class Members. By 2006, little of what was once known as the Stateway community is likely to remain. Hence, Plaintiffs' ability to locate Class Members and critical testimony diminishes with each passing day. In summary, this Settlement makes sense for all parties involved, particularly for the Plaintiff Class, whose members continue to be displaced by the changing face of Chicago Public Housing.

### C. *Stage of the Proceedings*

Plaintiffs reached this settlement after interviewing more than a hundred witnesses, completing discovery that included more than fifty depositions, consultations with expert psychiatric witnesses on damages and deposition of an adverse expert regarding the same, summary judgment motions, class certification, and the pretrial order. The parties were intimately familiar with the case and were competent to determine a reasonable settlement amount.

### D. *Evidence of Collusion*

Through observation of the parties in numerous settlement conferences and oversight of significant aspects of the pretrial proceedings, this Court rightly concluded that "there is nothing about the positions that the parties took or the result that they ultimately achieved that reflects in any way, shape or form any collusion." (Exhibit C, page 17, lines 12-14.)

### E. *Opposition to the Settlement*

No class members have requested to opt out of the Settlement, nor provided notice of any objection to the terms of the Settlement.

*F.*   *Class Approval of the Settlement*

Class members have reacted with overwhelming support of this settlement. Members of the Stateway Community and its leadership have expressed feelings of gratitude and satisfaction stemming from this settlement. Plaintiffs' counsel is unaware of any negative reaction to the proposed terms of the Settlement by any Class Member.

## IV.   PROPOSED CLASS DISTRIBUTION OF THE SETTLEMENT FUNDS

Seventy-eight previously Identified Class Members have submitted valid and timely proofs of claim. Twenty-four previously Unidentified Class Claimants have submitted claims in one of three in-person Claims Hearings, or alternative method of identification and verification, conducted by Class Counsel. Four of those claims have been rejected; the remaining twenty claims were accepted.

The four rejected claims applicants, and the reasons for their rejection, were:

- Tiberius Mays: Mr. Mays submitted his claim from prison. Upon research, Illinois Department of Corrections' records reveal that Mr. Mays has been incarcerated continuously since 1987. Thus, he could not have been present inside the Stateway Gardens Field House on February 22, 2001.

- Debra Jones: Ms. Jones came to the in-person claims process on Wednesday, April 7, 2004. Ms. Jones was unable to provide the Claims Administrator with any evidence to verify that she was present at the Field House on February 22, 2001. While she claimed that a "friend" from Stateway accompanied her to the tournament, Ms. Jones was unable to provide the Claims Administrator the friend's name or any former or current contact information of her friend or anyone else who could verify her presence. In addition, none of the Plaintiffs or Chicago Park District staff had any memory of ever seeing her inside

7

the Field House before submitting her claim. Finally, significant aspects of her account of the events at the Field House were inconsistent with information learned during Class Counsels' investigation of, and discovery related to, the incident.

- Ilande Kelly: Mr. Kelly submitted a claim at the in-person claims process on Wednesday, April 7, 2004. While Park District staff and Plaintiffs verify that he has been seen around Stateway Gardens and the Field House on numerous occasions within the past six months, no staff member or Plaintiff has any memory of Mr. Kelly's presence inside the Field House or in the Stateway Gardens neighborhood at any point within a year of the incident in question. Significant aspects of Mr. Kelly's account of the events were inconsistent with information learned during Class Counsels' investigation of and discovery related to the incident.

- Marquita Hunter: Ms. Hunter's claim was rejected as untimely. Although clear instructions were given to Ms. Hunter that her attendance at one of the three in-person claims proceedings was required or, if exceptional circumstances existed that prevented her attendance, to contact Class Counsel in advance to make alternative arrangements, she failed to show to any of them without explanation.

On April 9, 2004, the Claims Administrator served notice of rejection by first class mail to the first three Rejected Claimants, and sent Ms. Hunter's rejection by first class mail on April 15, 2004, and instructed each Claimant that he/she must file an appeal with this Court and serve a copy on Class Counsel before April 22, 2004, should he or she wish to challenge the rejection of his/her claim. Class Counsel has not received any notice of appeal as of the date of the filing of this Motion. If any of the Rejected Claimants file timely objections with

the Court, Plaintiffs propose that the Court rule on such objections at the April 22, 2004, Fairness Hearing.

## V. ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD

The $2,000.00 award to each of the seven named Plaintiffs is a fair and reasonable compensation for the extra time, money and effort they have expended for this lawsuit. Plaintiffs carried the burdens associated with this litigation for the entire Stateway community. Without Plaintiffs' courage and commitment to the Class, there would be no case, much less the significant Settlement proposed here. Plaintiffs have met with Class Counsel on innumerable occasions, assisted in outreach and the identification of Class Members and witnesses, been deposed at least once, been subjected to psychological examinations, and appeared on behalf of the class at several court hearings and settlement negotiations. In addition, Plaintiffs have spent many hours assisting the Claims Administrator in reviewing claims. The incentive award for the named plaintiffs, which only reflects an approximately $1,150 increase over Unnamed Plaintiffs, is fair and reasonable.

Class Counsel has petitioned the Court for an award of $400,000.00 as reasonable fees and costs. This is a modest request, in relation to the amount of work, time, and expense reasonably expended in this matter and the outstanding result achieved. In preliminarily approving this fee award as fair and reasonable, this Court noted that Plaintiffs' request does not seek compensation for time spent on this case by Randolph Stone or Mandel Legal Aid Clinic students, does not ask for fees for additional time spent on administration of the claims and disbursement of the funds, and is less than defense expenditures. (Exhibit C, pp. 23-24.) These factors, combined with Class Counsels' agreement to donate $85,000.00 back to the Stateway

community, further indicate that the fee request is fair, reasonable, and in the best interests of the class.

Plaintiffs respectfully request that this Court Order that the City disburse the attorney fee and cost award to the Mandel Clinic within ten days of the Court's approval. The parties reached an agreement on the monetary terms of the settlement on December 17, 2003. The Settlement Agreement was signed by the parties on February 4, 2004 and was preliminarily approved by this Court on February 6, 2004. The City's form settlement language with respect to police misconduct cases requires payment within 60 days of the parties' execution of the agreement. The usual 60 day limit has long come and gone. The reasons for prompt payment here are even more compelling, as the settlement in principle was reached in December 2003.

## VI.    CONCLUSION

For the foregoing reasons and for the reasons detailed in Plaintiffs' Motion For

Preliminary Approval Of Proposed Settlement and Plaintiffs' Motion For Preliminary Approval

Of Class Counsels' Fees and Costs, Plaintiffs respectfully request that this Court enter the

attached, agreed Final Approval of Order and Judgment,[2] (a) granting final approval of the

Settlement Agreement; (b) finding the Settlement Agreement fair, adequate, reasonable, and in

the best interests of the Class; (c) awarding attorneys' fees and expenses, and incentive awards as

requested herein; and (d) granting such other and further relief as the Court deems just and

proper.



Respectfully submitted,

One of Plaintiffs' Attorneys

Craig B. Futterman
Shana Wallace, Senior Law Student
Andrew Fleming, Senior Law Student
EDWIN F. MANDEL LEGAL AID CLINIC
University of Chicago law School
6020 S. University
Chicago, IL 60637
(773) 702-9611

Thomas Peters
542 S. Dearborn, Suite 750
Chicago, IL 60605
(312) 697-0022

Date: April 16, 2004

---

[2] The attached proposed Final Approval Order and Judgment was approved by all Parties prior to
submission to the Court.

11

## Attachments

Exhibit A      Final Approval Order and Judgment

Exhibit B      Settlement Agreement

Exhibit C      Court Hearing Transcript of February 6, 2004

# See Case File For Exhibits